UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| STEPHEN J. DUNN | ) Case No. 23-30097 |
| | ) |
| Debtor. | ) |

## MOTION FOR RULE 2004 EXAMINATION

Kinetic Advantage, LLC ("**Kinetic**"), by counsel, for its *Motion for Rule 2004 Examination*, hereby moves the Court for an order authorizing Kinetic to conduct discovery and an examination under Bankruptcy Rule 2004 of the Debtor, Stephen J. Dunn ("**Debtor**"). In support such request, Kinetic states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court and in this District under 28 U.S.C. §§ 1408 and 1409.

3. The subject matter of this Motion is a core proceeding as defined in 28 U.S.C. §157.

4. The statutory authority for the relief requested by Kinetic in this Motion is Rule 2004 of the Federal Rules of Bankruptcy Procedure.

### Procedural History and Background

5. Debtor commenced this proceeding by filing a voluntary petition for bankruptcy protection under Chapter 11 of Title 11 the United States Code (the "**Bankruptcy Code**") on February 1, 2023 (the "**Petition Date**").

6. Kinetic is a creditor of Debtor by a Demand Promissory Note and Security Agreement (the "**Note**") executed by Craz E. Carz, Inc. d/b/a Dunn Deals and an Unlimited Continuing Individual Personal Guaranty ("**Guaranty**") executed by Debtor, for a credit limit of $500,000.00.

7. The meeting of creditors was held pursuant to Section 341 of the Bankruptcy Code on March 13, 2023.

8. The current deadline for Kinetic to bring an action to determine dischargeability or to object to the entry of discharge in favor of Debtor is May 12, 2023, which time has not yet expired. [*See* Filing No. 4]

9. On March 30, 2023, the undersigned spoke to Debtor's counsel, David Welch, regarding this Motion and Mr. Welch indicated that Debtor agrees.

## Relief Requested and Basis Therefor

10. By this Motion, Kinetic requests this Court enter an Order directing the Debtor to submit to oral examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("**Rule 2004 Examination**") at a date, time, and place designated by Kinetic or as may be agreed upon by Kinetic and Debtor.

11. Kinetic also requests that the Court order Debtor to produce to Kinetic the documents and information[1] set forth in **Exhibit 1** attached hereto, within thirty (30) days of entry of an order approving this Motion.

12. Rule 2004(a) of the Federal Rules of Bankruptcy Procedure authorizes any party in interest to move this Court for an order to conduct the examination of any entity.

---

[1] Based on Kinetic's review of such documents and information, as well as Debtor's testimony during the 2004 Examination, Kinetic reserves the right to request additional documentation and information.

2

Rule 2004(b) of the Federal Rules of Bankruptcy Procedure further provides that the scope of this examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge". Fed.R.Bankr.P. 2004(b).

13. It is well established that the scope of an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure is exceptionally broad and has often been likened to a lawful "fishing expedition". *In re Lufkin,* 255 B.R. 204, 208 (Bankr. F.D. Tenn. 2000).

14. The purpose of such an examination is to aid in the discovery of assets, including potential causes of action, and if a third person can be shown to have a relationship with, or knowledge of, the debtor's affairs, the party is subject to an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. *Snyder v. Society Bank,* 181 B.R. 40, 41 (S.D. Tex. 1994), *affd* 52 F.3d 1067 (5th Cir. 1995); *Lufkin,* 255 B.R. at *208. See also, In re Symington,* 209 B.R. 678, 684 (Bankr. D. Md. 1997) (noting that a Rule 2004 examination is "an investigatory tool, its nature is inquisitory rather than accusatory, although information discovered by its employment may presage litigation").

15. The information and documentation relates to the property, liabilities, acts, omissions and/or financial condition of Debtor on matters affecting the administration of Debtor's Chapter 11 bankruptcy estate and is also necessary for Kinetic to determine whether it will initiate an action to have Debtor's obligations to Kinetic be determined to be non-dischargeable.

16. By way of example, there were a number of real estate transactions in a short period of time prior to the Petition Date, at least one of which appears to have transferred real estate out of Debtor's sole ownership and replaced the real estate with another parcel owned by Debtor jointly with his wife as Tenancy by the Entireties.

17. Based on the foregoing, the requested Rule 2004 Examination falls within the permissible scope of discovery under Rule 2004 of the Federal Rules of Bankruptcy Procedure, and Kinetic submits that cause exists for this Court to compel Debtor to produce documents to Kinetic and require the Debtor – to the extent necessary – to submit to oral examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure at a date, time, and place designated by Kinetic, or as may be agreed upon by Kinetic and the Debtor.

**WHEREFORE**, Kinetic Advantage, LLC, respectfully requests that the Court issue an Order:

A. Authorizing Kinetic Advantage, LLC to conduct discovery of the Debtor pursuant to Fed. R. Bankr. P. 2004 as set forth herein above;

B. Ordering the Debtor to submit to an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure at a date, time, and place designated by Kinetic Advantage, LLC or agreed upon by Kinetic Advantage, LLC and the Debtor;

C. Ordering Debtor to produce the requested documents and information set forth in **Exhibit 1** hereto within thirty (30) days after entry of an order granting this Motion; and

D. Granting Kinetic Advantage, LLC all other relief deemed just and proper by the Court.

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf, Attorney No. 27281-49
KROGER GARDIS & REGAS LLP
111 Monument Circle Suite 900
Indianapolis, Indiana 46204
Tel: (317) 777-7443
woverturf@kgrlaw.com

*Attorney for Creditor, Kinetic Advantage, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of March, 2023 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- Douglas R. Adelsperger    trustee@adelspergerlawoffices.com, dra@trustesolutions.net
- Matthew R. Brooks    matthew.brooks@troutmansanders.com
- Joseph P Chamley    jchamley@efbclaw.com
- Nancy J. Gargula    USTPRegion10.SO.ECF@usdoj.gov
- Mark D. Kundmueller    mark.kundmueller@troutman.com, Matthew.Brooks@troutman.com;Susan.henry@troutman.com
- Weston Erick Overturf    woverturf@kgrlaw.com, dgastenveld@kgrlaw.com
- Jessica Sharon Owens    bankruptcy@doylelegal.com
- Susan Jaffe Roberts    Susan.J.Roberts@usdoj.gov
- Brian Tuinenga    brian.tuinenga@usdoj.gov
- Brian P. Welch    bwelch@craneheyman.com, gbalderas@burkelaw.com
- David K. Welch    dwelch@burkelaw.com

I further certify that on the 30th day of March, 2023, a copy of the foregoing was mailed by first-class United States mail, postage prepaid, and properly addressed to the following:

NONE

/s/ Weston E. Overturf
Weston E. Overturf

5